Compiler

**IN THE SUPERIOR COURT OF GUAM**

FILED
SUPERIOR COURT
OF GUAM

2013 JUN 11 PM 3: 10

CLERK OF COURT

BY

THE PEOPLE OF GUAM, )
)
    vs. )
)
ENDY TIMAS TIMOTI, )
)
        Defendant. )
)
)
_____ )

**CRIMINAL CASE NO. CF0447-12**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to appoint a traffic accident reconstruction expert, filed April 8, 2013. Oral arguments were heard on April 29, 2013. Assistant Attorney General James C. Collins appeared on behalf of the Government and Assistant Public Defender Peter J. Sablan represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is indicted with multiple offenses for alleged acts of drunk driving that caused a death in a traffic accident. It is alleged that Defendant drove into an oncoming lane of traffic, struck an oncoming motorcycle and pinned its operator underneath his vehicle.

On April 8, 2013, Defendant moved this Court to appoint a traffic accident expert, apart from the Guam Police traffic accident expert, to assist the defense. Defendant asserts that an expert of his own is necessary to prepare an adequate defense because he cannot cross-examine the police traffic accident expert without some independent expert assistance. Defendant anticipates conflicting eyewitness accounts of the accident and asks for expert assistance to review the police expert's report. The Government responds that the only calculation made by the police expert was to estimate the speed of Defendant's vehicle.

\\

\\

Under Guam law, the court shall appoint and fund an expert witness for an indigent defendant upon "a satisfactory showing...that the presence of the witness is necessary to an adequate defense." 8 GCA § 75.15. *See also People v. Santos*, 2003 Guam 1 ¶¶ 15-16.

> The mere hope or suspicion of the availability of certain evidence that might erode the State's case or buttress a defense will not suffice to satisfy the requirement that defendant demonstrate a threshold showing of specific necessity for expert assistance. ... Similarly, undeveloped assertions that the requested expert assistance would be beneficial or even essential to the preparing of an adequate defense are insufficient to satisfy this threshold requirement.

*Santos*, 2003 Guam 1 at ¶ 24 (*quoting State v. Pierce*, 488 S.E.2d 576, 583-84 (N.C. 1997) (emphasis omitted).

In this case, Defendant moves to appoint an additional traffic reconstruction expert so he may better cross-examine the police expert with anticipated eyewitness testimony. Defendant does not allege that the police expert is uncooperative or that he cannot interview the expert and examine his opinion. *See Santos*, 2003 Guam 1 at ¶ 22. Furthermore, defense counsel has consulted eyewitnesses with conflicting accounts of the accident and he may effectively cross-examine and challenge the police expert's opinion without the assistance of another expert. *See Santos*, 2003 Guam 1 at ¶ 21 (*citing State v. Newton*, 347 S.E.2d 81, 83-84 (N.C. Ct. App. 1986) ("There are usually other methods by which defense counsel himself, without the use of investigators or experts, can uncover information or educate himself regarding a particular scientific discipline.")).

In sum, Defendant has not proffered any evidence that his defense counsel cannot effectively challenge the police expert's findings through effective interview or cross-examination. *See Santos*, 2003 Guam 1 at ¶ 25 (*citing Moore v. Johnson*, 225 F.3d 495, 503 (5th Cir. 2000) ("[A] defendant cannot expect the state to provide him a most-sophisticated defense; rather, he is entitled to 'access to the raw materials integral to the building of an effective defense.' Most of those raw materials come ... in the form of his court-appointed lawyer-in his expert knowledge about how to negotiate the rules of court, how to mount an

effective defense, and so forth.")).  For these reasons, Defendant does not satisfy the threshold showing of specific necessity for expert assistance and his motion shall be denied.

///

///

///

## CONCLUSION

Based upon the foregoing, Defendant's motion to appoint an additional traffic accident reconstruction expert is hereby DENIED.

**SO ORDERED this** ___11TH___ **day of June, 2013.**

HON. JAMES L. CANTO II
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JUN 11 2013

James R. Borja
Deputy Clerk, Superior Court of Guam